* Thurman, J.
The original suit was brought March 11, 1852, before a justice of the peace, by Stemble, against Hewling and Hancock. If we were to stick in the letter of the justice’s transcript, it would seem that the gravamen of the plaintiff’s complaint was that the county commissioners had illegally established a county road, for the establishment of which the defendants had petitioned. This would be a curious cause of action, and such a.s probably never before was thought of. But we suppose the real object of the proceeding was to obtain an assessment of damages, under the provisions of the' act of March 25, 1851, entitled “an act further to amend the £ act for opening and regulating roads and highways.’ ” 2 Ourw. 1672. A jury was summoned and sworn, who, with the justice, examined the premises of Stemble that were taken for the road, and heard the testimony offered by the parties, as required by the act. Having done so, they (the jurors) returned the following verdict: “We, the jurors impaneled and sworn in the above cause, find : First. The proceedings in the above cause before the commissioners were so regular as to authorize us to entertain the cause. Second. We find that the road will be of public utility. Third. That the appellant will sustain no damage by reason of said road being established. Fourth. That *201 .John Stemble pay the .costs of this proceeding.” Upon this verdict the following judgment was entered, March 25,1852 : “ Where- . upon it is considered by me, that the said road as petitioned for be .allowed and confirmed and established as prayed for; and that the defendants recover of said plaintiff, John Stemble, the sum of ten ■dollars and forty-six cents, the costs of this proceeding.”
On April 2, 1852, Stemble filed in the court of common pleas a transcript of the proceedings before the justice, with various errors assigned upon it, and a prayer for a writ of certiorari and a reversal of the judgment. The court allowed the writ, upon his giving bond, which he did; and then the following proceedings were had, as appears by the record : “ And thereupon, by consent and .agreement of the parties, *the issuing of a writ of certiorari, .and the giving the notice in certiorari, are waived, and the transcript required to be returned, considered as filed; and the errors assigned on the transcript on file are regarded and considered as if filed upon transcript returned by the justice. And now this cause ■came on to bo heard, by agreement of parties, on the transcript of the record and proceedings before John Spry, justice of the peace within and for the township of Harrison and county of Campaign, and was argued by counsel. On consideration thereof, it is ordered and adjudged by this court that the judgment and proceedings of John Spry be, and the same are hereby affirmed, with costs, and that said road so petitioned for by said Joseph Hewling and others, be established and confirmed.”
To reverse this judgment of affirmance, Stemble sued out the present writ of error. It was issued without allowance, upon the precipe of his attorneys, and commanded the court of common pleas to transmit to the district court, to which the writ was made returnable, “the original files and pleadings, together with a transcript of the proceedings and order of said court of common pleas ” in the premises.
Upon this writ no return was ever made, though the clerk of the -common pleas did, in fact, transmit to the district court the original files and pleadings and a transcript, as required by the writ.
Nor is any assignment of errors in the district court found among the papers.
The proceedings of the last-named court fully appear in the following journal entry : “ And at the June term of our said district -court, a. d. 1852, to wit, June 8, this cause came on to be heard *202 on the assignment of errors, etc., of the said Stemble, and thereupon the court being fully advised in the premises, do find that the road as petitioned for by the said Hewling and others, is of groat utility, and that there has been no error in the allowance of the road; wherefore, so much of the judgment of the court of common pleas of this county as allowed and established said road, is sustained and confirmed, and for that purpose this cause is ordered to *bc remanded to the said court, with instructions to order1 the same to be opened, the county of Champaign paying all damages that may be recovered by said Stemble. And in so far as the assessment of the damages of said John Stemble is concerned, all questions herein touching said assessment are reserved to. the Supreme Court in bank.”
Perhaps no more obscure and imperfect statute was ever enacted than the before-mentioned act of March 25,1851, under which this case originated. It is-not wonderful, therefore, that its purpose should have been misconceived, and that it has often given rise to very material errors. "Were it yet in force, we would take this opportunity to state at length, not only our understanding of it, but also the reasons that produce our convictions. But, as it has been repealed, it is unnecessary to do so. It may be proper, however, for us to say that it was'no part of its object to oust the county commissioners of their jurisdiction to determine whether a road should or should not be established, or to allow an appeal from their decision of that question to a justice and jury. On the contrary, with the excejfiion of section 5, which authorizes the commissioners to establish a part of a proposed road and reject the residue, the whole subject to which the act related was the subject of damages. Before its enactment, no damages were to be assessed unless a claim for damages was made. Under its provisions, they were to be assessed, whether claimed or not. By the former law, they were to be ascertained by.a committee appointed expressly for that purpose. Swan, old ed. 799. Under this law, they were to be found by the viewers of the road. By the former law, if the-commissioners approved the finding of the committee, the claimant was allowed an appeal to the common pleas. By the law in question, this right was taken away, and, in lieu of it, an appeal given to a justice and jury. Under the original law, if, in the opinion of the commissioners, the road was not of sufficient importance to' the public to warrant the payment by the county of the damages *203 assessed, they might refuse to establish it, unless the damages *and expenses were paid by the petitioners. Under the amendatory act, they retained the same power. For, were this-denied, the result would be to saddle the county with whatever’' damages a justice’s jury, or juries (for there might be as many separate cases and juries as there were separate claimants), might assess, however detrimental to the public interest it might be to-establish the road at that cost. Or, whenever thus assessed, they would have to be paid by the petitioners or bondsmen, however-proper it might be for the county to pay them. Or, to avoid these evils, it would have to be held that the functions of the county commissioners, in regard to the establishment of the road, were transferred to the justice and jury. But for this there is no warrant in the act, and it would be an utter absurdity. To say nothing of their want of fitness for this duty; of the impolicy of submitting the public interests to the result of proceedings to which neither the county nor any of its officers or agents were parties; of the absence of any provision expressly authorizing or looking to the establishment of, or refusal to establish, the road by the justice and jury—there is one consideration that shows it to be impossible that such was the intent of the law. Thus there might be several separate claimants for damages, each having the right to appeal—each having a right to file a transcript of the proceedings of the county commissioners with a justice, and to have a, separate trial of his claim. Now, under such circumstances, what would be done where, in one case, the justice and jury decided that the road should be established, and, in another case, determined it. should not? The bare statement of this difficulty is sufficient to show that the only subject of which the justice and jury had cognizance was the question of damages. But, if anything more-were needed, it would be found in the fact that the justice and jury were not required to examine the whole line of the proposed road, but only so much of it as was embraced within the premises said> to be injured.
*The intent of the act was that the assessments of damages made pursuant to its provisions, should be returned to the county commissioners before the establishment of the road; and being so-returned, they should determine whether to establish it or not, just as they would have done under the original act when damages-had been assessed by a committee.
*204 I have thought it proper to say thus much as to the meaning of the act, in order that some errors that I shall presently note may be understood.
It is seldom that a case is presented so full of errors and imperfections as that under consideration. Error seems to have attended almost every step taken in it, and every form in which it •app eared.
1. The county commissioners erred in establishing the road before the damages were assessed. Stemble having given notice of .appeal, and perfected it by giving bond and filing a transcript with a justice in the time and manner required by law, the commissioners should have awaited the return of the proceedings of the justice and jury, and then determined whether to establish the road or not.
2. The statute provided that the obligors in the bond, given on behalf of the petitioners for the road, should be the defendants to the suit, or quasi suit, instituted before the justice. But it nowhere •appears in the record that Hewling and Hancock were such obligors.
3. The jury, the justice, the common pleas, and the district court each undertook to determine that the road should be established, whereas neither of them had any power so to do. .
4. The common pleas permitted the parties to waive the issuing, service, and return of the writ of certiorari. But such writ, service, and return were indispensable to give the court jurisdiction, .and therefore could not be waived. So it was expressly and correctly decided in Vance v. Goudy, Wright, 307, and Brownell v. Skinner, Ib. 682.
*5. To reverse the judgment of the common pleas, the plaintiff filed a precipe for a writ of error, and such a writ was accordingly issued. But the proceedings in these road matters were wholly statutory, and the writ should therefore have been in •certiorari.
6. Were we to overlook the precipe, and regard the writ as in certiorari, the case would not be aided. For a writ of certiorari required an allowance, and there'was none. And upon such a writ the original papers can not be sent up, as was done in this case, in lieu of a transcript of the complete record. The provision for «ending up the original papers was confined to cases in error.
*205 7. No return was over made upon the writ; nor was any return, otherwise made that purported to be in obedience to the writ.
8. The case was heard in the district court without an assignment of errors. It is true, the entry speaks of an assignment, but as none appears in the transcript or among the papers, except that filed in the common pleas, the presumption is that that is the assignment referred to.
9. The district court ordered the cause to be remanded to the common picas, “with instructions to order the same (the road) to be opened, the county of Champaign paying all damages that may be recovered by said Stemble.” But the court had no power to order the road to be opened orto require Champaign county to-pay damages.
10. A cause can not be reserved for decision by the Supreme Court, unless the parties, or some one of them, move that it be reserved. But no such motion appears in the record.
Some of these errors go to the jurisdiction of the courts through and into which this case has traveled.' Others do not touch the-question of jurisdiction, and others affect it only in part. But there is quite enough to show that neithQr the common pleas, the district court, nor this court has ever acquired jurisdiction in the premises. The proceedings in the common pleas and district courts were coram non *judice and void. And any judgment that we might render would be liable to the same objection. All we can do is to strike the case from the docket.
Having no case properly before us, we do not feel at liberty to express an opinion upon the important constitutional question, argued by counsel, and for the decision of which we suppose the. order of reservation was made.
Let the case be stricken from the docket.